IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KEVIN L. HAMILTON, JR.,** : | |
| : | Case No. 2:20-cv-4103 |
| **Plaintiff,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Elizabeth P. Deavers |
| **MELISSA K. RIGGINS.,** : | |
| : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Magistrate Judge Deavers' Report and Recommendation that this case be dismissed for failure to state any cognizable claims upon which relief could be granted. (ECF 4 at 1). For the following reasons, the Court **AFFIRMS** the Magistrate Judge's Report and Recommendation. (*Id.*). This matter is hereby **DISMISSED**.

**II. BACKGROUND**

On August 10, 2020 Plaintiff Kevin L. Hamilton, proceeding pro se, filed a Complaint against Defendant Melissa K. Riggins, seeking to bring claims for personal injury, breach of contract, discrimination, and claims related to the attorney-client relationship. (ECF 1-1 at 3). Mr. Hamilton also brought a Motion to Proceed *in Forma Pauperis*. (ECF 3 at 2). Plaintiff alleges that Defendant Riggins "is responsible for personal injury, breach of contract, attorney client relationship and discrimination on grounds of person of origin." (*Id.* at 3). Plaintiff requests a court date and seeks "a lawsuit amount ranging from $ 0 – 50,000[,] $ 0 – 75,000[, and] $ 240,000 to

1

$740,000" on the basis that he has "done work with federal court lawsuit system thr[ough] google earth [search] engine." (*Id.* at 3, 4).

On August 18, 2020, Magistrate Judge Deavers issued a Report and Recommendation granting Plaintiff's motion to proceed *in forma pauperis*. (ECF 4 at 1). Then, Magistrate Deavers recommended that Plaintiff's Complaint be dismissed for "insufficient factual content or context from which the Court could reasonably infer that Defendant violated Plaintiff's rights." (*Id.* at 4). Magistrate Deavers' Order permitted Plaintiff to file any objections within fourteen days of service. (*Id.* at 5). Plaintiff failed to timely object to the Magistrate's Report and Recommendation to dismiss the action. (*Id.* at 4-5).

### III. STANDARD OF REVIEW

Litigants unable to afford filing fees and court costs may have those costs waived, in an effort to "lower judicial access barriers to the indigent[,]" by electing to proceed *in forma pauperis*. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). To prevent abuse of the *in forma pauperis* system, 28 U.S.C. § 1915(e) permits courts to dismiss any action deemed frivolous or malicious, which fails to state a claim for relief, or which seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining a frivolous action is one made in bad faith). An action states a claim for relief when it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive dismissal the statement must be "plausible on its face" and, when accepted as true, must be sufficient to "raise a right to relief above the speculative level." *Direct Constr. Servs., LLC v. City of Detroit*, 2020 U.S. App. LEXIS 23442, at *17 (6th Cir. July 23, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

A party may raise their specific objections to a magistrate judge's recommendation within the time set forth in the recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152-53 (1985). Any timely objections will be reviewed *de novo* by the district court. *Id.* If a party fails to timely object to the magistrate's recommendation, they are deemed to have waived their right to further review of their claims. *Id.* It is only under the narrow exception to the timeliness rule that a party may submit tardy objections where the interests of justice will otherwise be obscured. *See Pullen v. SOCF Mail Room*, 2020 U.S. App. LEXIS 25981, *5 (6th Cir. 2020) (citing *Thomas*, 474 U.S. at 155 (1985)).

## IV. LAW & ANALYSIS

Dismissal under § 1915(e) is proper where "the plaintiff failed to allege with any specificity how the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights." *Moir v. Thompson*, 2014 U.S. Dist. LEXIS 33969, at *6 (E.D. Mich. Mar. 17, 2014) (citing *Frazier v. State of Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (internal citations omitted)).

Here, Plaintiff Hamilton fails to state any facially plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff claims, "Melissa K. Riggins is responsible for personal injury, breach of contract, attorney client relationship and discrimination on grounds of person of origin[]," but the Complaint lacks any additional details. (ECF 3 at 3). Plaintiff does not allege any action or inaction by the Defendant. The factual allegations do not sufficiently allege that an attorney-client relationship formed, that Plaintiff Hamilton was harmed by any such relationship, or that Defendant Riggins is in breach of contract.

Further, Plaintiff requests a lawsuit ranging from "$ 0 – 50,000[,] $ 0 – 75,000[, and] $ 240,000 to $740,000" on the basis that he has "done work with federal court lawsuit system

3

thr[ough] google earth [search] engine." (*Id.*). Plaintiff does not, however, describe any injuries suffered which would entitle him to such monetary relief. (*Id.*).

Thus, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant violated Plaintiff's rights. Instead, Plaintiff's Complaint consists of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678. These "'naked assertion[s]' devoid of 'further factual enhancement'" fail to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Id.* (quoting Twombly, 550 U.S. at 557). Without any factual or legal basis for the Constitutional claims asserted against the Defendant, the Complaint must be **DISMISSED**.

## V. CONCLUSION

Having reviewed the Magistrate Judge's Report and Recommendation, and noting that no objections have been filed, this Court concurs with the analysis. For those reasons, this Court **ADOPTS** Magistrate Judge Deavers' August 18, 2020 Report and Recommendation and hereby **DISMISSES** this matter.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: January 19, 2021**